## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

SHAWN THOMAS,           )
                         )
           Petitioner,     )
                         )
   vs.                   )     Case No. 4:17CV02822 SNLJ
                         )
TROY STEELE,          )
                         )
          Respondent.   )

## MEMORANDUM AND ORDER

This case is before the Court on petition under 28 U.S.C. § 2254 for writ of habeas corpus. The State has filed a response in opposition. No reply was filed.

### Statement of Custody and Parties

Shawn Thomas resides at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri, due to the sentence and judgment of the St. Louis City Circuit Court. A jury found Thomas guilty of first-degree statutory rape, first-degree endangering the welfare of a child and third-degree assault, and the court sentenced him to life imprisonment, fifteen years' imprisonment and thirty days' imprisonment. Thomas has completed service of the thirty-day term, and he continues to serve the life term and the fifteen-year term. Thomas fulfills the "in custody" requirement of 28 U.S.C. § 2254(a) for challenging the rape and endangering convictions. He does not fulfill the custody requirement for a challenge to the third-degree assault conviction. *Pilchak v. Camper*, 741 F. Supp. 782, 785 n. 1 (W.D. Mo. 1990), Warden Troy Steele is the respondent. 28 U.S.C. § 2254, Rule 2(a).

**Statement of Merits**

Thomas presents three grounds for relief. None of the grounds rise to the high level necessary for issuance of the writ. Under these circumstances, this Court will deny the petition.

Thomas's first ground for relief contends that the trial court erred by overruling his motion for judgment of acquittal on the third degree assault charge and by sentencing him on that charge because that sentencing violated his rights under the Double Jeopardy Clause (Doc.1, p. 5). Thomas contends the Court should set aside his conviction and sentence for third-degree assault (Respondent's Exhibit C, p. 19). But Thomas does not fulfill the "in custody" requirement for a challenge to the assault conviction because he no longer serves that sentence. *Pilchak v. Camper*, 741 F. Supp. 782, 785 n.1 (W.D. Mo. 1990). Thomas is not "in custody" on the conviction that he wishes to challenge.

Alternatively, the claim is defaulted and meritless. Thomas did not preserve the claim for the trial court's consideration (Respondent's Exhibit C, p. 12). Thomas's failure to present the claim to the trial court constitutes default that precludes review. *Sweet v. Delo*, 125 F.3d 1144, 1149-50 (8th Cir. 1997). The "plain error" review provided by the court of appeals on direct appeal does not lift the procedural bar to review. *Clark v. Bertsch*, 780 F.3d 873 (8th Cir. 2015). Federal court review of the claim is barred without a showing of good cause and actual prejudice under *Murray v. Carrier*, 477 U.S. 478 (1986). Thomas does not make that showing in his petition (Doc.1, p. 5).

The court of appeals considered this claim on direct appeal and determined that Thomas committed two separate offenses. Accordingly, his rights were not violated.

From the record before us, Defendant first grabbed Victim's "booty" and then proceeded to rape her. These were separate crimes. Consequently, Defendant's actions did not constitute a "continuing court of conduct" such that the statutory limitation on conviction for multiple offenses applies. Section 556.041(4); see *State v. Reando*, 313 S.W.3d 734, 738 (Mo. App. W.D. 2010)(double jeopardy does not automatically preclude prosecution for multiple offenses arising out of the same conduct if the conduct establishes commission of more than one offense); see also *State v. Sutton*, 320 S.W.3d 729, 735-37 (Mo. App. E.D. 2010)(convictions for forcible sodomy and felonious restraint committed during one episode does not constitute a double jeopardy violation); *see also State v. Dennis,* 153 S.W.3d 910, 917-20 (Mo. App. W.D. 2005)(convictions for forcible rape and first-degree assault committed during one attack does not constitute a double jeopardy violation).

(Respondent's Exhibit E, pp. 4-5). The state court's determination is a reasonable one, and it should receive deference under 28 U.S.C. § 2254(d).

Thomas' second ground for relief appears to contend that his due process rights were violated because there was insufficient evidence of guilt (Doc.1, pp. 6, 7). Thomas presented the ground at trial (Tr. 520) and in the motion for new trial (Respondent's Exhibit B, p. 150). The trial court denied the motions (Tr. 520; 560-61). Thomas appealed, but he did not include this claim in his direct appeal (Respondent's Exhibit C). The failure to present the claim on direct appeal constitutes default that precludes review. *Nave v. Delo*, 62 F.3d 1024, 1038 (8th Cir. 1995).

Alternatively, the claim is meritless. As noted, the trial court rejected Thomas's claim that there was insufficient evidence (Tr. 520, 560-61). The state court's determination is reasonable, and it should receive deference under 28 U.S.C. § 2254(d). There is support in the record for the determination (Respondent's Exhibit D, pp. 5-7; Respondent's Exhibit E, pp. 3-4). The claim is meritless.

There is no third ground for relief (Doc.1, p. 9).

Thomas's fourth ground for relief contends that he received ineffective assistance of trial counsel because counsel did not obtain from Thomas's victim, his daughter, an affidavit of non-prosecution (Doc.1, p. 11). Thomas presented the claim in his Rule 29.15 litigation (Respondent's Exhibit F, p. 18). But Thomas did not present the claim on Rule 29.15 appeal (Respondent's Exhibit H). The failure to brief the claim on post-conviction appeal constitutes default that precludes review. *Sweet v. Delo*, 125 F.3d 1144, 1149-50 (8th Cir. 1997). For federal court review of the claim to occur, Thomas must show good cause and actual prejudice under *Murray v. Carrier*, 477 U.S. 478 (1986). Thomas does not do so in his petition (Doc.1, p. 11).

Alternatively, the claim is meritless. The jury was aware that Thomas's daughter was a recanting witness (Tr. 274-7). Given the information that the jury had, Thomas does not show a breach of duty or resulting prejudice, as required by *Strickland v. Washington*, 466 U.S. 668 (1984).

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)).  Because Thomas has not made such a showing in this case, I will not issue a certificate of appealability.

**CONCLUSION**

For these reasons, Thomas' petition for a writ of habeas corpus, #1, is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.  A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 14th day of September, 2018.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE